HAMITER, Justice.
 

 Defendant was convicted under a bill of information charging criminal trespass - in that on May 1, 1947, in the Parish of Bossier, he “did intentionally and without authority enter upon the property of H. M. Cogswell and H. L. Skannal described as all of Section 2 and a part of Section 1, Township 16 North, Range 13 West, lying north and east of Red River the said grounds being posted and enclosed, said entry being without the consent of the owners and lessees * * * ”. After the conviction, on his application, we issued the writs of certiorari and prohibition, thereby bringing the case before us for consideration and staying further proceedings in the District Court.
 

 Article 63 of the Louisiana Criminal Code, Act No. 43 of 1942, defines criminal trespass, and the particular provision thereof on which the bill of information and
 
 *394
 
 prosecution herein are based recites: “Criminal trespass is * * * the unauthorized and intentional entry upon any * * * enclosed and posted plot of ground *
 
 if if»
 

 The facts of the case are undisputed and appear to be as hereinafter detailed. The complainants herein, Cogswell and Skannal, and a Mrs. Hudson, are the owners respectively of contiguous tracts of land in Bossier Parish, both of which border on what is commonly called Old River Lake. This lake, which at all times contains water 10 to 15 feet deep and is shaped very much like a half moon, constituted in the distant past the main channel of Red River. It attained its present status (that of a small lake, completely surrounded by dry land) when, many years ago, Red River cut through the base of the half moon-shaped bend and made its new channel over property belonging to a Mrs. Ellerbe.
 

 From Mrs. Ellerbe, Cogswell and Skannal obtained and have a farming lease on all of the property lying between the new channel of Red River and their boundary line (a sizable parcel), including the adjoining part of Old River Lake; and for several years they have kept it, as well as the land owned by them, enclosed by a fence along which, at various points, “No Trespassing” signs have been displayed.
 

 The defendant, on the day in question, entered a small boat from the land of Mrs. Hudson, paddled it on the waters of Old River Lake and through the fence maintained by Cogswell and Skannal (along which were “No Trespassing” signs that he saw), and proceeded to fish in that part of the lake leased from Mrs. Ellerbe. At no time did he walk on or pass over any dry land possessed by the complainants as owners or lessees.
 

 In this court defendant, to obtain a reversal of his conviction, urges (1) that our criminal trespass statute relates only to enclosed and posted dry land, not to water-covered areas; and (2) that the waters in which he was fishing was public, being owned by the State of Louisiana.
 

 Criminal trespass, as before stated, is declared to be the unauthorized and intentional entry upon any enclosed and posted plot of ground. By using this general word “ground”, and failing to employ any restrictive language in connection with it, the lawmakers, obviously, had in mind the entering upon not only dry land but also non-navigable water-covered areas. Ground can be covered with water and nonetheless be ground or land. For us to hold that the statute is restricted to an entry upon dry land, we would have to conclude that its provisions were not intended to apply to the thousands of acres of swampy, inundated land that exist in certain parts of our state or to the numerous artificial lakes created and maintained by many of our citizens. This we cannot do.
 

 In Wynn v. Margate City, 9 N.J.Misc. 1324, 157 A. 565, it was held that the word “land” as used in an ordinance regulating
 
 *395
 

 the
 
 construction of buildings applied to land covered with water. And in State v. Shannon, 36 Ohio St. 423, 38 Am.Rep. 599, the Supreme Court of Ohio, in construing a statute that prohibited hunting and fishing on any posted land, was of the opinion that the word “land” included both inundated and dry land.
 

 Under his second contention, defendant insists that the lake in which he was fishing belongs to the State of Louisiana and, hence, is public land, not subject to posting or to private possession by complainants. Countering this contention the State argues (quoting from the brief of its counsel) that: “ * * * It is. universally held that in an action of trespass, whether criminal or civil, the issue of title may not be raised. The law of trespass, both civil and criminal, is universally recognized to be law relating to the protection of peaceable possession, and it is particularly true that a defendant may not successfully resist prosecution for trespass on the ground that title to the area trespassed upon resides in some person other than the party actually in possession.”
 

 Further, in the alternative, the State argues (again quoting from counsel’s brief) that:
 

 “ * * * but even if such question [of title] should be considered by the Court, it should bring no comfort to the defendant here inasmuch as the watercovered area trespassed upon clearly belongs to Mrs. Ellerbe, the lessor of the complainants.
 

 “When Red River abandoned
 
 that
 
 portion of its former channel which constitutes the property upon which the trespass occurred, it cut a new channel through the lands of Mrs. Ellerbe. When the new channel or bed was opened up by the river, the former channel (the property in dispute) became the property of complainants’ lessors by way of indemnificatiqn under the plain provisions of Article 518 of the Civil Code: Tf a river or stream, whether navigable or not, opens itself a new bed by leaving its former channel, the owners of the soil newly occupied shall take, by way of. indemnification, the former bed of the river, every one in proportion to the quantity of land he has lost. They shall again take 'their former property, if the river or stream returns to its former channel.’ ” (Brackets ours.)
 

 Whether the issue of title may be raised in a proceeding of this character, and whether (under the State’s alternative argument) Mrs. Ellerbe, who is the lessor of complainants, is the owner of Old River Lake (where defendant was fishing) by reason of the provisions of Civil Code, Article 518, are questions which need not be determined. For the record' contains nothing to support defendant’s position, and from which we can conclude, that the lake is public property; on the contrary the per curiam of the district judge discloses a finding on, his part that it is not.
 

 
 *396
 
 For the reasons assigned the writ of prohibition heretofore issued is set aside and the conviction is affirmed.
 

 O’NIELL, C. J., dissents.
 

 BOND, J., absent.